Release or deed of conveyance not designating the grantee, cannot pass the title.

It results, that the verdict was without evidence, and should have been set aside. The judgment must be reversed with cost, the cause remanded to the court below, and further proceedings there had not inconsistent with this opinion.

New trial awarded.

*Crittenden* for appellant; *Haggin* for appellees.

---

## *Durrett &c. vs. Whiting &c.*

CHANCERY.

Error to the Bourbon Circuit; GEO. SHANNON, Judge.

Case 114.

*Practice in chancery. Mortgages. Jurisdiction.*

Judge MILLS delivered the Opinion of the Court.

October 11.

WHITING sold to Crockett a large quantity of saltpeter, for which Crockett agreed to pay a stipulated price, by articles of agreement between them. To secure the payment, Crockett mortgaged to Whiting sundry slaves by name. To foreclose

Whiting's bill.

Durrett &c
vs.
Whiting &c

this mortgage, Whiting filed this bill in the court be-low, making Durrett a defendant and charging him as a purchaser of one of the slaves. Durrett answered that he was a purchaser for a valuable consideration without notice.

Crockett's answer.

The answer of Crockett need not be noticed.

Decree of the circuit court.

The court below settled the account between Whiting and Crockett, and decreed the amount against him positively, and subjected the slave in the hands of Durrett.

Errors assigned, obviated by the return of certiorari in part.

Crockett sued out this writ of error, assigning that there is error in the sale of the slave in his possession, because the mortgage was not recorded in the proper office, and there was no proof of actual notice to him.

This error proves to be founded on a mistaken state of the the record, as is proved by the return to a certiorari suggesting a diminution. Whiting lived in Jefferson, and Crockett in Jessamine, and the mortgage was recorded in both counties in proper time. The slave is therefore bound for the demand, and Durrett is compelled to take notice of the mortgage.

Mode of foreclosing the equity of redemption, and effecting a sale of mortgaged estate.

It is also assigned for error, that the decree gave no day for redemption, but decreed a sale at once. This error is well assigned, and as Durrett stands as to one slave in the shoes of Crockett, he may complain of it. It is well settled, as formerly held by this court, that day of redemption ought to be given before a positive foreclosure or sale, and that day, under the practice of this country, is generally from one term to another, and must end in term time, so that the court may decide on the fact of payment or non payment and tender, and then direct further proceedings, instead of leaving it to a commissioner or to the sheriffs of the different counties where the property should be found to determine this fact, and to sell, or not to sell, the slaves accordingly, as is directed by this decree.

Where the chancellor has no juris-

Another error is also apparent in this decree, the court below has decreed positively the whole sum in favor of Whiting, and has authorized the complain-

ant to issue execution for the whole or to pursue the slaves wherever they may be found. This is a case where the chancellor will not take jurisdiction of the demand, further than to subject the mortgaged estate, and will leave the party to his remedy at law to recover any balance that may be due, according to the principles recognized by this court in the case of Downing &c. vs. Palmateer, 1 Mon. 64.

*Durrett &c vs. Whiting &c*

diction of the original demand, he will only enforce the lien, and send the party to law for the balance.

The chancellor here has no exclusive jurisdiction of the original demand, or jurisdiction concurrent with a court of law, and therefore will not interfere further than to subject the mortgaged estate.

For these reasons alone, the decree must be reversed with costs, and the cause be remanded to the court below, with directions to enter such decree as shall conform to this opinion.

*Mandate.*

*Crittenden* and *Monroe* for plaintiffs; *Barry* and *Depew* for defendants.